**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re Application of*<br><br>YAEL PERRY<br><br>Petitioner,<br><br>For the Issuance of an Order Pursuant to 28 U.S.C. § 1782 for Discovery in Aid of Foreign Proceedings. | **Civil Action No. 25-15508-JXN-AME**<br><br>**ORDER** |

**THIS MATTER** having come before the Court on the *ex parte* application of petitioner Yael Perry ("Petitioner") pursuant to 28 U.S.C. § 1782 for an order authorizing the issuance of a subpoena to obtain documents and other discovery from respondent Michael Jacob ("Respondent"), an individual residing in New Jersey, for use in *Yael Perry v. The Solid Fund Private Foundation, Solid Holding N.V., and Tamar Perry*, a lawsuit pending in the Court of First Instance in Curaçao (the "Application") [D.E. 1]; and

**WHEREAS** upon initial review of the Application, filed September 11, 2025, the Court determined that, although Petitioner appeared to satisfy the basic statutory requirements for issuance of the subpoena under Section 1782, a more developed record would enable the Court to assess the applicable discretionary factors, as set forth in *Intel Corp. v. Advanced Micro Devices Inc.*, particularly factors 1 and 4. *See* 542 U.S. 241, 264-65 (2004). *See* Order at D.E. 8; and

**WHEREAS** the Court thus entered an Order on October 20, 2025, directing Petitioner to serve the Application on Respondent and affording Respondent an opportunity to oppose or otherwise be heard, and accordingly reserved decision on until consideration of more complete briefing on the Application. *See id.*; and

**WHEREAS** Respondent was served in compliance with the October 20 Order, *see* Aff. of Svc. at D.E. 10 and 11, but has to date failed to oppose the Application or otherwise requested to be heard, notwithstanding the November 10, 2025 deadline for filing a response. *See* Order at D.E. 8; and

**WHEREAS** the Court therefore proceeds to consider the Application based solely on the brief, declarations, and other supporting papers filed by Petitioner; and

**WHEREAS** Section 1782 establishes a procedure for obtaining discovery for use in litigation pending abroad and authorizes the Court to order discovery upon an applicant's demonstration of three elements: (1) the application is made by a foreign or international tribunal or any interested person; (2) the person from whom discovery is sought resides or is found within the district; (3) the discovery is for use in a proceeding before a foreign or international tribunal. *See* 28 U.S.C. § 1782; *Intel Corp.*, 542 U.S. at 255. Although the burden is on the applicant to demonstrate a subpoena should issue, *see Intel*, 542 U.S. at 264-65, the Third Circuit has characterized Section 1782's prima facie elements as "modest." *See In re Bayer AG*, 146 F.3d 188, 196 (3d Cir. 1998); and

**WHEREAS**, here, Petitioner has met the statutory requirements for granting the requested judicial assistance, as follows: (1) Petitioner is an interested person, as she is a party to the litigation pending before a tribunal in the country of Curaçao, as identified above; (2) Respondent is found in the District of New Jersey; and (3) the Application seeks discovery for use in the foreign proceeding. *See* Perry Decl. ¶¶ 2, 14; Heller Decl. ¶¶ 3-4; Barten Decl. ¶ 2-5; and

**WHEREAS**, in addition to the statutory elements, the Third Circuit has articulated various discretionary considerations, known as the "*Intel* factors," that bear on whether a Section 1782 application should be granted. *Intel Corp.*, 542 U.S. at 264-65 (holding "a district court is not

required to grant a § 1782(a) discovery application simply because it has the authority to do so" and should consider various discretionary factors to determine whether the party seeking discovery has met its burden to demonstrate the application is warranted). These factors are: "(1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; (4) whether the subpoena contains unduly intrusive or burdensome requests." *In re O'Keeffe*, 646 F. App'x 263, 266 (3d Cir. 2016) (citing *Intel*, 542 U.S. at 264-65); and

**WHEREAS** Petitioner maintains the *Intel* factors support her Application. First, Petitioner asserts the discovery sought is beyond the reach of the Curaçao court because the documents requested are in the possession of Respondent, who resides and maintains a place of business in New Jersey. *See* Heller Decl. ¶¶ 3-4. Second, Petitioner contends the Curaçao court presiding over her civil action pending in that country would be receptive to discovery obtained through this Application, noting that Section 1782 petitions related to proceedings in the courts of Curaçao are frequently granted and, moreover, that "there are no discovery rules or restrictions that would lead the Curaçao Court … to look unfavorably on the evidence" sought here. *See* Barten Decl. ¶ 5. Third, Petitioner asserts the Application does not attempt to evade any restriction or policy of the foreign jurisdiction but merely seeks to gather material that may not be produced by order of the Curaçao court because that court lacks jurisdiction over Respondent. *See id.* ¶ 6. Fourth, Petitioner requests production of documents related to Respondent's participation and knowledge of The Solid Fund Private Foundation, a party to the foreign proceeding, and maintains these documents are

likely maintained in Respondent's emails or other easily searchable electronic format. Thus, Petitioner argues the Application seeks information that is not intrusive or burdensome. *See* Br. at 15; and

**WHEREAS**, having considered Petitioner's arguments that the discovery sought is appropriate under Section 1782 and the *Intel* factors, and in view of the absence of any demonstration refuting Petitioner's assertions, the Court concludes that the relief sought in the Application is warranted. *See Bayer*, 146 F.3d at 196 (holding "district courts should treat relevant discovery materials sought pursuant to § 1782 as discoverable unless the party opposing the application can demonstrate facts sufficient to justify the denial of the application"). Thus, the Court will authorize service of an order requiring production of the documents listed in Exhibit A, as attached to the Application's proposed form of Order at D.E. 1-6; and

**WHEREAS**, however, insofar as the Application seeks authorization to serve a deposition subpoena on Respondent, the Court denies such request without prejudice as premature. In its discretion, the Court concludes that requiring Respondent to appear for a deposition before production of the requested documents may be unduly burdensome. The request may be renewed upon a demonstration that the production remains incomplete or deficient; and

**WHEREAS** nothing herein shall preclude Respondent from later raising a challenge as to the subpoena to be served by Applicant. *Cal. State Teachers Ret. Sys. v. Novo Nordisk, Inc.*, No. 19-16458, 2020 WL 6336199, at *5 (D.N.J. Oct. 29, 2020) (observing that, notwithstanding the statutory goal of facilitating the conduct of foreign litigation, Section 1782 does not entitle a party to foreign litigation to "unbridled and unlimited discovery" under the statute (quoting *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999)); therefore,

**IT IS** on this 25th day of November 2025, **ORDERED** that:

1. The Application [D.E. 1] is **GRANTED IN PART and DENIED IN PART**.
2. Pursuant to 28 U.S.C. § 1782, Petitioner is authorized to serve upon Respondent a subpoena for the documents listed in Exhibit A, as attached to the Application at D.E. 1-6, together with a copy of this Order.
3. Any discovery taken pursuant to this Order shall be governed by the Federal Rules of Civil Procedure.
4. Nothing in this Order shall be construed to prevent or otherwise foreclose Respondent from bringing a motion to quash, challenging the subpoena under Section 1782 and/or Federal Rules of Civil Procedure 26 and 45.
5. Nothing in this Order shall be construed to prevent or otherwise foreclose Petitioner from seeking modification of this Order or leave of Court to serve an additional subpoena on Respondent.

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge